(22 Misc. Rep. 305.)

LINTNER v. LONG ISLAND MUT. FIRE INS. CORP. OF NEW YORK.

(Supreme Court, Special Term, Montgomery County.    January, 1898.)

SECURITY FOR COSTS—ASSIGNEE FOR CREDITORS.
   Code Civ. Proc. § 3268, subd. 4, authorizing the defendant to require "the
   official assignee  *  *  *  of a debtor" to give security for costs, does not
   apply to a general assignee deriving his authority for the benefit of creditors.

Action by William T. Lintner, as assignee of Watson P. Harvey for
the benefit of creditors, against the Long Island Mutual Fire Insurance
Corporation of New York.    Plaintiff moves to vacate an order requir-
ing him to file security for costs.    Granted.

W. H. Jaycox, for plaintiff.
N. H. Anibal, for defendant.

STOVER, J.    The motion is to vacate an order requiring the plain-
tiff to file security for costs.    The order was granted under section
3268 of the Code of Civil Procedure.    The plaintiff is the general as-
signee for the benefit of creditors.    This action is brought upon a cause
of action accruing before the assignment.    It is claimed that the order
is justified under subdivision 4 of section 3268.    The section provides
that "the defendant in an action brought in a court of record may re-
quire security for costs to be given, as prescribed in this title, where
the plaintiff was, when the action was commenced, either  *  *  *;
(3) a person imprisoned under execution for a crime; or (4) the of-
ficial assignee of a person so imprisoned; the official assignee or of-
ficial trustee of a debtor; or an assignee in bankruptcy; where the
action is brought upon a cause of action, arising before the assign-
ment, the appointment of the trustee, or the adjudication in bank-
ruptcy.  *  *  *"    It is claimed that the plaintiff herein is an official
assignee.    My attention is not called to any statute in which a like
designation is made of an assignee for the benefit of creditors, al-
though such assignees are frequently referred to.    An official assignee,
within the meaning of the section quoted, it seems to me, can be well
defined to be a person appointed by, or under the direction of, the court,
and who derives his authority from some action of the court.    There
are assignees of this kind, and the provision of the section, read in
conjunction with the other provisions, would seem to indicate that the
legislature had in mind the assignees of insolvent debtors; for "per-
sons imprisoned under execution" are first mentioned, and immediately
follows, "the assignee or official trustee of a debtor."    Under the pro-
visions of the Revised Statutes, the trustees of insolvent debtors were
resorted to, for relief from imprisonment; and, under the present pro-
visions of the Code, an insolvent debtor may present his petition, with
a schedule of his assets and other matters required by the Code, and,
upon certain facts appearing, the court must make an order directing
the execution of an assignment by the debtor.    Such an assignee may
well be termed an official assignee.    And, in the same manner, trus-
tees may be appointed of the insolvent debtor, and assignment may be
made to him or them.    Official assignees were known under the Eng-
lish law, but they were persons who were appointed by the court.    As-

signees in bankruptcy were known to the federal laws, but they were also elected or chosen by the court, or under the direction of one of its officers. I think it may be said that it was this class of assignees that the provision of the Code referred to, and not one who derives his authority by virtue of a contract or agreement with the debtor. If I am correct, the plaintiff is not within a description of any of the officers who are required to file security for costs, and the ex parte order should be vacated.

Motion granted.